IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MIKE HOPKINS | § | |
| v. | § | CIVIL ACTION NO. 6:11cv94 |
| PAUL SHOTNER | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Mike Hopkins, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his complaint, Hopkins says that he wants the federal court to hear his complaint against Paul Shotner, a trooper with the Texas Department of Public Safety, and Shotner's actions during a traffic stop on August 27, 2008. Hopkins says that the traffic stop lasted an hour and a half to two hours and that Shotner did not have probable cause to continue the detention past the writing of a speeding ticket. He also complains that Shotner shoved his hand into Hopkins' pants pocket after Hopkins refused to allow a search of his truck, did not read Hopkins his Miranda rights, and made false statements in the arrest report.

After review of the pleadings, the Magistrate Judge issued a Report on March 7, 2011, recommending that the lawsuit be dismissed based upon the expiration of the statute of limitations. The Magistrate Judge noted that the incident complained of took place on August 27, 2008, and Hopkins made no showing that he was unaware of the events at that time, and so the statute of

limitations began to run on that date and expired two years later, on August 27, 2010. However, Hopkins' pleading bears the date of February 19, 2011, almost two and a half years after the incident. The Magistrate Judge also concluded that Hopkins did not show any legal or equitable basis for tolling the limitations period.

Hopkins filed objections to the Magistrate Judge's Report on March 13, 2011. In these objections, Hopkins first says that he had no idea that a complaint regarding a civil rights violation would have a statute of limitations. The Fifth Circuit has held that ignorance of legal rights does not toll the statute of limitations. Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991). This objection is without merit.

Second, Hopkins says that he would like to object due to his "mental disability," which he says causes him to take longer to think rationally. He concedes that he knew that his rights were violated, but says that "someone who is mentally disabled gets taken advantage of by the system." He says that Shotner was aware of his disability because Hopkins told him on the night of the traffic stop, and his later complaints to the Department of Public Safety went unanswered. He again says that because of this disability, it takes him longer to think rationally, and a lot of time passed filing complaints with the Department of Public Safety. Also, Hopkins says, he filed a complaint with the U.S. Department of Justice civil rights division, but never heard back from them.

The statute of limitations in federal courts is generally governed by state law. Burrell v. Newsome, 883 F.2d 416, 420 (5th Cir. 1989); Hardin v. Straub, 109 S.Ct. 1998, 2003 (1989) (federal court applying a state statute of limitations should give effect to the state's tolling provisions).

Under Texas law, the statute of limitations may be tolled by the finding of an "unsound mind." In order to invoke this provision, however, the claimant must produce *specific evidence* that would enable the Court to conclude that he did not have the mental capacity to pursue litigation for a definite period of time, or produce a fact-based expert opinion to that effect. Grace v. Colorito, 4 S.W.3d 765. 769 (Tex.App.-Austin 1999, pet. denied). A plaintiff's declaration that "due to the extreme abuse I experienced, in concert with my severe emotional disturbances, exacerbated by

2

substance abuse, it was impossible for me [to] participate in, manage, and control a lawsuit like this one" is not sufficient to make this showing. Porter v. Charter Medical Corp., 957 F.Supp. 1427, 1437 (N.D.Tex. 1997).

Cases in which such a showing was made involve such claims as a severe and permanent head injury rendering the individual mentally incompetent, as determined by a court (Ruiz v. Conoco, Inc., 858 S.W.2d 752 (Tex. 1993); acute paranoid psychosis as a result of exposure to a chemical explosion (Casu v. CBI Na-Con, Inc., 881 S.W. 2d 32, 34 (Tex.App.-Houston [14th Dist.] 1994, no writ); and brain damage as a result of oxygen deprivation (Tinkle v. Henderson, 730 S.W.2d 163, 165 (Tex.App.-Tyler 1987, writ ref'd n.r.e.). The purpose of the tolling provision is to protect persons without access to the courts or who are unable to participate in, control, or understand the progression and disposition of their lawsuit. Hargraves v. Armco Foods, Inc., 894 S.W.3d 546, 548 (Tex.App.-Austin 1995, no writ).

In this case, Hopkins offers nothing more than a bare and conclusory assertion, raised for the first time in his objections to the Report of the Magistrate Judge, that he has a "mental disability" which causes him to "take longer to think rationally." However, Hopkins' pleadings fall well short of showing that he suffers from an "unsound mind" sufficient to toll the statute of limitations. Even assuming that his assertion that he takes longer to think rationally is true, this still does not show that he lacked the mental capacity to pursue litigation for a definite period of time, nor does it show that he was unable to participate in, control, or understand the progression and disposition of a lawsuit. Hopkins has failed to show any basis for setting aside the Report of the Magistrate Judge, and his objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted, in that it is barred by the statute of limitations. 28 U.S.C. §1915A. It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 23rd day of March, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**